**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**Howard Rimson**

    **Plaintiff**

                             **CASE NO.:**

**AutoZone, INC., a/k/a AutoZone Investment Corporation**

    **Defendant.**

_____/

**ORIGINAL   COMPLAINT**

Plaintiffs, HOWARD RIMSON by and through his undersigned attorneys, file this his Original Complaint against  the Defendant, AUTOZONE, INC., a/k/a AutoZone Investment Corporation (Hereinafter collectively "AUTOZONE")   and as grounds therefore would state:

**JURISDICTION AND VENUE**

1.     This is an action for damages for violation of 42 U.S. C. §1981; and 42 U.S.C. §1982. This action is for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

1.     Subject matter jurisdiction is properly invoked pursuant to this Court's original, concurrent and pendent jurisdiction pursuant to

Article III, section 1 of the U.S. Constitution and 28 U.S.C. §1331, 1332 and 1343.

2.      Venue is properly invoked insofar as the unlawful conduct alleged herein occurred in Ponciano, Polk County, Florida and is within the jurisdiction of this District.

## PARTIES

3.      Plaintiff, HOWARD RIMSON is a black or African American male and at all times relevant was a resident of Polk County, Florida. At all times material hereto Defendant, AUTOZONE, INC., (Hereinafter "Defendant(s)" or "AutoZone") was a domestic or foreign corporation from Tennessee authorized and operating and doing business in  the State of Florida and located at 123 S. Front St., Memphis, Tennessee 38103. Defendant was/is an auto parts and auto services store engaged in the business of selling auto parts, items for automobiles, and providing services relating to the auto industry and providing public services to patrons.

4.      All conditions precedent to the filing of this lawsuit have been met, satisfied or waived by the Defendant, including that Plaintiff placing Defendant AUTOZONE, INC., on notice of this claim, and serving

2

AUTOZONE with a spoliation and preservation of evidence letter before the filing of this lawsuit.

## GENERAL ALLEGATIONS

The Plaintiff reavers and realleges the allegations contained in the jurisdiction and venue section above.

5.      On September 05, 2025, Plaintiff visited the AUTOZONE store located at 6529 Marigold Ave., Poinciana, Fl, to return spark plugs he had purchased three (3) days earlier.

6.      As and while Plaintiff waited in line to be served, an Assistant Manager named Dilenny Angeles ("Angeles"), Latina, was assisting two (2) Latino customers ahead of Plaintiff.  After completing serving these Latino customers, Angeles took a phone call forcing Plaintiff to continue to wait for service. During the telephone call Angeles continued to look at Plaintiff as he waited to be assisted and/helped.

7.      After completing her telephone call, Angeles did not attempt to inquire into, ask, or see if Plaintiff needed assistance, nor did she attempt to or offer Plaintiff any service or help. As Plaintiff was waiting for services, and had been waiting for several minutes, another Latino customer,

stepped directly in front of Plaintiff in line.    Instead of assisting Plaintiff and providing Plaintiff service, Angeles "rolled her eyes" at Plaintiff, ignored his presence, and immediately started ringing him up and assisting the Latino client who had skipped Plaintiff in line, even though Angeles knew Plaintiff was next in line and had been standing in line waiting to be assisted.

8.    Realizing he would receive no service from Angeles, Plaintiff   sought assistance form another employee. This employee began the return and check out service, checked the spark plugs, checked the receipt, and concluded everything is/was fine in order for Plaintiff to be refunded.   However, this employee needed Angeles to open the cash register/drawer to refund Plaintiff's funds.

9.    Instead of seeking to assist Plaintiff, Angeles went over and instead of opening the cash register/drawer to refund Plaintiff's funds she started reinspecting all the spark plugs again.   Indeed, and the employee that was attempting to assist Plaintiff informed her that he already checked them, everything was fine, and he just needed the cash register/drawer open.   At this moment, Angeles started speaking in Spanish to the other

4

employee him and saying extremely racist, derogatory and hateful comments about Plaintiff and blacks in general.

10.    Angeles falsely accused Plaintiff of criminal activity, to wit, fraud, or theft, by asserting Plaintiff was returning damaged items, and then Angeles proceeded to make racists, and derogatory comments such as "Black people are always trying to steal and return broken items" as well Angeles begin using racial slurs towards Plaintiff and referring to Plaintiff as a "stupid "N-word".

11.    At that point on Plaintiff informed Angeles that he spoke and understood Spanish and that he understood everything that she stated about him and to him.   In fact, Plaintiff recorded the interaction with Angeles.   To this point, in the video, when confronted about her racist conduct and comments, (1) Angeles did not deny the racial slurs (2) Angeles admitted to the misconduct and (3) Angeles got aggressive and physical towards Plaintiff by physically attempting to take Plaintiff's phone from him, all of which was witnessed by others in the store.

12.    As further evidence of AutoZone's acceptance, tolerance, and acquiesce to this racist conduct, another employee stood directly beside

Angeles during the confrontation/interaction with Plaintiff and this employee did not deny Angeles' racists actions or intervene, but instead remained silent and redirected Plaintiff to higher management.

13.   The following day, on or about September 6, 2025, Plaintiff filed a complaint with AutoZone, District Manager Yadira Santiago ("Santiago"), who watched the video multiple times.   In fact, Santiago admitted that (1) both the manager and employee remained silent when Plaintiff produced evidence of his claims and did not deny his claims; and (2) neither Angeles nor Santiago, two (2) people at managerial levels, disputed the racial slurs.

14.   However, as further evidence of AutoZone's acceptance, tolerance, acquiesce to this racist conduct, Santiago (1) blamed the Angeles' behavior on her "mental state," (2) Laughed when Plaintiff repeated the slur to her in Spanish and (3) stated that corporate "may or may not follow up."

15.   In fact, upon information and believed, based on Plaintiff's multiple interactions with AutoZone corporate office in attempt for accountability by Angeles and those involved, to date, Angeles remained, and remains employed with AutoZone, with no indication of or assertion by AutoZone of any disciplinary action whatsoever.

16.    The Defendant, its employees, agents and representatives acted willfully and with gross and total disregard for the civil rights of Plaintiff. Their refusal to provide Plaintiff equal services was done intentionally, maliciously, recklessly and in wanton and callous indifference to the federal protected rights of the Plaintiff for equal services, accommodation and treatment under the law.

17.    As a result of the conduct of defendant's employees, agents, managers and representatives, the Plaintiff suffered damages, including being intimidated and threatened to the extent that Plaintiff has never returned to the subject AutoZone to conduct business again, thus, resulting in Plaintiff being precluded from conducting or completing future transactions.

## **COUNT I-42 U.S.C.A. §1981**

The Plaintiff sues the Defendant and alleges:

18.    The Plaintiff reavers and realleges the allegations contained in

paragraphs 1-17 above.

19.    The Defendant, AUTOZONE is a place of public establishment and/or retail service establishment pursuant to and covered under Federal Law.

20.    The Plaintiff is a minority, black person, or African-American person and is protected under §1981 in that the statute provides in relevant part, "All persons...shall have the same right...to make and enforce contracts...as is enjoyed by white citizens."   A contractual relationship was formed between the Plaintiff and Defendant upon Defendant's offer to sale Plaintiff automotive parts, and to provide Plaintiff services relative to the sale and purchase of those items, and Plaintiff's acceptance of that offer by purchasing these parts and items and offer to citizens in general and Plaintiff's acceptance of that offer to spend money in Defendant's establishment and Defendant's acceptance of Plaintiff's money.

21.    That Defendant, AUTOZONE violated Florida Statutes 42 U.S.C. §1981 and is therefore liable under the law by failing to provide Plaintiff and other Black or African-American customer   with the full and equal enjoyment of the goods, services, privileges, advantages and

8

accommodation of its establishment upon the formation of the contractual relationship between the Defendant and Plaintiff, by discriminating against Plaintiff and other black or African-American minorities by arbitrarily, capriciously and without reason failing to provide equal service to Plaintiff and black or African-American minorities based on their race in breach of and in violation of their contractual relationship provided and protected by 42 U.S.C. §1981 and by harassing, attempting to physically intimate Plaintiff and use racial slurs, comments and tropes towards Plaintiff due to his race.

22.     As a direct and proximate result of Defendant's violations, Plaintiff has suffered damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages, costs, attorneys' fees under 42 U.S.C. §1988, punitive damages and demands trial by jury on all issues so triable.

### COUNT II-42 U.S.C. §1982 VIOLATIONS

The Plaintiff RIMSON sues the Defendant and alleges:

23.     The Plaintiff reavers and realleges the allegations contained in paragraphs 1-17 above.

24.     That at all times material to this action, Plaintiff was a citizen of

the United States and was at the Defendant, AUTOZONE,  to purchase personal property; food and afforded equal services pursuant to 42 U.S.C. §1982.

25.    Defendant violated 42 U.S.C. §1982 in that although Defendant may have been  willing to consummate transactions with Plaintiff and black or African-American minorities, Defendant's motives for failing to serve Plaintiff equally, and as the same as white or Latino customers, were based on and infected by race, prejudice and racial stereotypes.

26.    That Defendant, AUTOZONE, by and through its employees acting within the course and scope of their employment with AUTOZONE violated 42 U.S.C. §1982 by failing to provide Plaintiff and other minorities with the full and equal enjoyment of the goods, services, privileges, advantages of purchasing property, auto parts, and items in its, by discriminating against Plaintiff and other black and African-American minorities by arbitrarily, capriciously and without reason failing to service Plaintiff and black and African-American minorities equally and with the equal respect as white and Latino customers based on their race, and by

harassing, attempting to physically intimate Plaintiff and use racial slurs, comments and tropes towards Plaintiff due to his race.

27.    As direct and proximate result of Defendant's discriminatory practices, which affected Plaintiff's rights to purchase personal property, auto parts, and items, and the related services thereto Plaintiff has sustained damages.

**WHEREFORE,** Plaintiff demands judgment against  Defendant for compensatory damages, costs, punitive damages,   attorneys' fees under 42 U.S.C. §1988 and demands trial by jury on all issues so triable.

Respectfully Submitted this: **MAY 13, 2026.**

/s/ Frank T. Allen
Frank T. Allen, Esq.
The Allen Firm, P.A.
FBN: 0033464
2582 Maguire Rd. STE 130
Ocoee, FL 34761
(407) 481-8103(Tel)/-0009 (Fax)
www.TheAllenFirmPA.com
Email: Fallen@TheAllenFirmPA.com
Attorney for Plaintiff